# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE HUNTER,<br><br>   Petitioner,<br><br>   v.<br><br>BRANDON PRICE,<br><br>   Respondent. | Case No. 1:19-cv-01678-NONE-SAB-HC<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO SERVE LODGED DOCUMENTS<br><br>ORDER GRANTING PETITIONER EXTENSION OF TIME TO FILE TRAVERSE<br><br>(ECF No. 11) |

Petitioner is state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 10, 2020, the Court received the instant motion in which Petitioner requests the Court to order Respondent to serve Petitioner with the documents that were lodged with the Court on January 28, 2020. Petitioner argues that the records on which Respondent's answer relies are necessary for Petitioner to adequately respond. Petitioner also requests an extension of time to file his traverse. (ECF No. 11).

In support of his argument, Petitioner cites to Local Rule 135(d), which states that "copies of all documents submitted to the Court shall be served upon all parties to the action," with reference to Federal Rule of Civil Procedure 5(a). Rule 5, however, does not require that every lodged document be served; rather, it provides that certain types of orders, pleadings, discovery papers, written motions, and written notices must be served on every party. Fed. R.

Civ. P. 5(a)(1). This does not support Petitioner's contention that he is entitled to a copy of the lodged state court record.

Petitioner argues that the records on which Respondent's answer relies are necessary for Petitioner to adequately respond. In the motion, Petitioner specifically refers to page 2–4, 6–7, and 9 of the answer where Respondent cites to various portions of the state court record that has been lodged with the Court. (ECF No. 11 at 2).[1] The Court notes that most of the citations to the record refer to the procedural history of Petitioner's case (e.g., the jury's verdict, the California Court of Appeal's affirmance, the order of commitment, Petitioner's habeas petition filed in California Supreme Court case number S212150). Based on the exhibits attached to the petition,[2] it appears that Petitioner has access to portions of the state court record. Moreover, Petitioner has failed to provide sufficient information to enable the Court to determine the necessity for the documents requested.[3]

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to serve lodged documents is DENIED WITHOUT PREJUDICE; and
2. Petitioner is GRANTED to and including April 1, 2020 to file his traverse.

IT IS SO ORDERED.

Dated: **February 18, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] Exhibits include, inter alia, a motion for recusal filed in the superior court, portions of reporter's transcripts, and multiple state court orders denying petitions. (ECF No. 1 at 31–73).
[3] Petitioner appears to allege that he has no means of paying the fees necessary to acquire the records listed in Respondent's notice. (ECF No. 11 at 2). The Court notes that Petitioner did not apply for and was not granted in forma pauperis status in this proceeding.

2