# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE M. HUNTER,<br><br>    Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>    Respondent. | Case No. 1:19-cv-01678-NONE-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On July 11, 1997, the District Attorney of Alameda County filed a petition in state court to civilly commit Petitioner as a sexually violent predator ("SVP") pursuant to California Welfare and Institutions Code ("WIC") section 6600. (1 Supp. CT[1] 97–99). That same day, the Alameda County Superior Court found probable cause to believe that Petitioner is a sexually violent predator as defined in WIC section 6600(a)(1), and thus, Petitioner should be detained pending trial. (1 Supp. CT 111).

---

[1] "Supp. CT" refers to the Supplemental Clerk's Transcript on Appeal lodged by Respondent on January 28, 2020. (ECF No. 8).

Petitioner was represented by counsel in state court at all times after the filing of the commitment petition. On August 20, 1997, new counsel was appointed for Petitioner, and Petitioner in open court waived his right to be tried within sixty days of the filing of the petition. (1 Supp. CT 127). On September 5, 1997, the matter was transferred to a different judge pursuant to Petitioner's peremptory challenge. (1 Supp. CT 135). On September 12, 1997, Petitioner filed a motion for judgment on the pleadings. (1 Supp. CT 208). On October 6, 1997, the motion was denied, and the matter was continued for hearing on October 27, 1997 on summary judgment regarding the petition. (1 Supp. CT 267). The case was repeatedly continued over the next two years—once by stipulation of counsel, (1 Supp. CT 279); six times by request of Petitioner and counsel, (1 Supp. CT 276–77, 285, 290, 292, 302); and the remaining continuances with no explanation apparent in the record, (1 Supp. CT 278, 287–89, 291, 297).

On August 20, 1999, the superior court again found probable cause to believe that Petitioner is a sexually violent predator as defined in WIC section 6600(a)(1), and thus, Petitioner should be detained pending trial. (1 Supp. CT 311). On September 3, 1999, the superior court ordered substitution of counsel for Petitioner. (1 Supp. CT 313).

On April 24, 2000, Petitioner filed a motion to dismiss the petition. (1 Supp. CT 362). On May 19, 2000, the motion to dismiss was denied. (1 Supp. CT 368). That same day, Petitioner filed a motion to continue the jury trial, which was set for June 5, 2000. (1 Supp. CT 369). The continuance was granted, the June 5, 2000 trial date was vacated, and the jury trial was rescheduled for August 14, 2000. (1 Supp. CT 379).

However, on August 2, 2000, the superior court again ordered substitution of counsel for Petitioner. Thus, the August 14, 2000 trial date was vacated. (1 Supp. CT 389). Subsequently, the case was repeatedly continued over the next three years—twice by stipulation of counsel, (2 Supp. CT 405, 410–12); four times by request of Petitioner and his counsel, (1 Supp. CT 391; 2 Supp. CT 406–07, 413); and the remaining continuances with no explanation apparent in the record, (1 Supp. CT 390, 392).

On May 5, 2003, Petitioner, along with his counsel and the deputy district attorney, signed a stipulation that the civil commitment trial could be set beyond the five years from the

date the action commenced. (2 Supp. CT 425). Thereafter, the case was again repeatedly continued over the next three years—multiple times by request of Petitioner and his counsel, (2 Supp. CT 427–29, 463, 468, 472, 474); and the remaining continuances with no explanation apparent in the record, (2 Supp. CT 434, 436, 440–41, 456–62, 464–67, 469, 473, 475–76, 480–81).

On September 29, 2006, the superior court compelled Petitioner to interview with any evaluating doctor from the Department of Mental Health. (2 Supp. CT 483). The matter was then repeatedly continued until January 11, 2008, when an amended petition for commitment was filed. (2 Supp. CT 484–85, 488, 500–03). On May 16, 2008, the superior court once more ordered substitution of counsel for Petitioner. (2 Supp. CT 508). Subsequently for the next five years, the case was repeatedly continued either by mutual consent, (2 Supp. CT 627), at the request of Petitioner and his counsel, (2 Supp. CT 511–13, 640, 646), or with no explanation apparent in the record, (2 Supp. CT 509–10, 628–39, 641; 3 Supp. CT 656–59, 661–63).

On August 13, 2012, Judge Gloria Rhynes of the Alameda County Superior Court found probable cause to believe that Petitioner is a sexually violent predator as defined in WIC section 6600(a)(1), and thus, Petitioner should be detained pending trial. (3 Supp. CT 665–66). The case was again repeatedly continued until August 4, 2014, when the superior court granted counsel's motion to withdraw. (3 Supp. CT 826). On August 15, 2014, new counsel was appointed for Petitioner. (3 Supp. CT 829).

Meanwhile, on July 18, 2013, Petitioner filed a state habeas petition in the California Supreme Court. (LD[2] 1). On October 15, 2014, the California Supreme Court denied the petition "without prejudice to the filing of a petition for writ of mandate in the Court of Appeal if trial to commit petitioner as a Sexually Violent Predator does not commence by the end of the calendar year 2015." (ECF No. 1 at 53).[3]

On June 17, 2015, Petitioner filed a federal habeas petition in the United States District Court for the Northern District of California, asserting due process violations and ineffective

---

[2] "LD" refers to the documents electronically lodged by Respondent on January 28, 2020. (ECF No. 8).
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

3

assistance of counsel. Hunter v. King, No. 1:15-cv-01611-LJT, ECF No. 1. On October 19, 2015, the matter was ordered to be transferred to the United States District Court for the Eastern District of California. Id., ECF No. 7. On May 26, 2016, the Court dismissed the petition, abstaining pursuant to Younger v. Harris, 401 U.S. 37 (1971), and finding that Petitioner failed to allege a constitutional violation. Hunter v. King, No. 1:15-cv-01611-JLT, 2016 WL 3019119 (E.D. Cal. May 26, 2016).

In the meantime, a jury trial was scheduled for March 2016. (1 RT[4] 1). On January 22, 2016, the superior court made a factual finding that no trial demand was made in the trial court prior to January 8, 2016. (CT[5] 5; 1 RT 8). On March 28, 2016, the jury trial commenced. (CT 37). On April 25, 2016, Petitioner was found to be a sexually violent predator pursuant to California Welfare and Institutions Code section 6600 et seq. after a jury trial in the Alameda County Superior Court. (CT 47). Petitioner was "committed to an indeterminate term to the California Department of Mental Health for appropriate treatment and confinement at Coalinga State Hospital." (CT 91). On July 8, 2019, the California Court of Appeal, First Appellate District affirmed the judgment. People v. Hunter, No. A148799, 2019 WL 2912727 (Cal. Ct. App. July 8, 2019). On September 18, 2019, Petitioner's petition for review was denied by the California Supreme Court. (ECF No. 1 at 55).

On December 2, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner generally argues that he is entitled to habeas relief on the following grounds: (1) Judge Cartwright improperly presided over proceedings after her recusal; (2) the extreme delay in bringing Petitioner to trial; and (3) ineffective assistance of counsel. Respondent filed an answer, and Petitioner filed a traverse. (ECF Nos. 9, 13).

**III.**

**STANDARD OF REVIEW**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

---

[4] "RT" refers to the Reporter's Transcript on Appeal lodged by Respondent on January 28, 2020. (ECF No. 8).
[5] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent on January 28, 2020. (ECF No. 8).

or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner is currently confined at Coalinga State Hospital, which is located within the Eastern District of California. 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v.

1  Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v.
2  Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an
3  end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552
4  U.S. at 126; Moses, 555 F.3d at 760.

5  If the Court determines there is governing clearly established Federal law, the Court must
6  then consider whether the state court's decision was "contrary to, or involved an unreasonable
7  application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C.
8  § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the
9  state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question
10 of law or if the state court decides a case differently than [the] Court has on a set of materially
11 indistinguishable facts." Williams, 529 U.S. at 412–13; see also Lockyer, 538 U.S. at 72. "The
12 word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character
13 or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New
14 International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to
15 [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the
16 governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to"
17 clearly established Supreme Court precedent, the state decision is reviewed under the pre-
18 AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

19 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if
20 the state court identifies the correct governing legal principle from [the] Court's decisions but
21 unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.
22 "[A] federal court may not issue the writ simply because the court concludes in its independent
23 judgment that the relevant state court decision applied clearly established federal law erroneously
24 or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer,
25 538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists
26 could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."
27 Richter, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the
28 correctness of the state court's decision, the decision cannot be considered unreasonable. Id. If

6

the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

The Court looks to the last reasoned state court decision as the basis for the state court judgment. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this Court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state courts reach a decision on the merits but there is no reasoned decision, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102.

///

///

# IV.

# REVIEW OF CLAIMS

## A. Judicial Recusal

Petitioner asserts that a judge who is recused from a proceeding must remain disqualified from hearing any part of the case, and that all of Judge Cartwright's orders after her disqualification—specifically her denial of Petitioner's Ronje motion—are void and must be vacated. (ECF No. 1 at 20–24). Respondent argues that relief is not warranted on this ground because: (1) it is sounded in state law; (2) Judge Cartwright's denial was superseded by Judge Allan Hymer's order requiring a new probable cause determination; and (3) unlawfulness in a pretrial holding order could not invalidate a later commitment based on the jury's determination based on proof beyond a reasonable doubt. (ECF No. 9 at 7).

This claim was raised in Petitioner's state habeas petition filed in the California Supreme Court. (LD 2). The petition was "denied without prejudice to the filing of a petition for writ of mandate in the Court of Appeal if trial to commit petitioner as a Sexually Violent Predator does not commence by the end of the calendar year 2015." (ECF No. 1 at 53). The Court presumes that the California Supreme Court adjudicated this claim on the merits, see Johnson, 568 U.S. at 301, but there is no reasoned state court decision. Accordingly, AEDPA's deferential standard of review applies, and the Court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

1. Pertinent Factual Background

On August 1, 2008, counsel for Petitioner filed a motion for Judge Joan Cartwright to recuse herself. The basis for recusal was Judge Cartwright's prosecution of Petitioner on one of the underlying charges that formed the basis of the SVP petition more than twenty-one years prior. (2 Supp. CT 514). On August 8, 2008, the motion for recusal was granted. (2 Supp. CT 619).

///

Despite this recusal, on September 9, 2011, Judge Cartwright held a hearing on Petitioner's motion pursuant to In re Ronje, 179 Cal. App. 4th 509 (Cal. Ct. App. 2009).[6] (ECF No. 1 at 39–40). Judge Cartwright denied Petitioner's motion for dismissal, granted the alternative motion for new evaluations and a new probable cause hearing, and denied the motion for the appointment of new evaluators. (2 Supp. CT 533, 647). New evaluations were conducted, and on August 13, 2012, Judge Gloria Rhynes found probable cause to believe that Petitioner is a sexually violent predator as defined in WIC section 6600(a)(1), and thus, Petitioner should be detained pending trial. (3 Supp. CT 665–66; Supp. RT[7] 2–3, 9–10, Aug. 13, 2012).

Thereafter, Petitioner's Ronje motion was reheard due to the matter having been litigated before Judge Cartwright despite her recusal. (3 Supp. CT 671–73). On March 29, 2013, Judge Allan Hymer denied the motion to dismiss, denied the motion for new evaluators, granted the request for new evaluations, and granted the request for a new probable cause hearing. (3 Supp. CT 714–15). Judge Hymer also ordered that Judge Rhynes' August 13, 2012 probable cause determination remained in full force and effect. (3 Supp. CT 713).

2. Analysis

Any error in Judge Cartwright ruling on Petitioner's Ronje motion was rendered harmless by the rehearing conducted by Judge Hymer and his subsequent ruling, which mirrored Judge Cartwright's order. Therefore, the state court's denial of Petitioner's claim regarding Judge Cartwright's participation in his case after her recusal was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The state court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on this ground.

---

[6] In Ronje, the California Court of Appeal found that the assessment protocol used to evaluate an SVP pretrial detainee was invalid as an underground regulation. The court found that the appropriate remedy was to order new evaluations using a valid assessment protocol and to conduct another probable cause hearing based on those new evaluations. Ronje, 179 Cal. App. 4th at 513–14.

[7] "Supp. RT" refers to the Supplemental Reporter's Transcript on Appeal lodged by Respondent on January 28, 2020. (ECF No. 8).

**B. Trial Delay**

Petitioner asserts that the nineteen-year delay in bringing him to trial on the civil commitment petition violates due process. (ECF No. 1 at 24–26). Respondent argues that Petitioner is not entitled to habeas relief on this ground because there is no right to a speedy trial in a civil case and that as a matter of res judicata it has been found that there was no unfair delay of trial. (ECF No. 9 at 7–9).

This claim was raised in Petitioner's state habeas petition filed in the California Supreme Court, which denied the petition "without prejudice to the filing of a petition for writ of mandate in the Court of Appeal if trial to commit petitioner as a Sexually Violent Predator does not commence by the end of the calendar year 2015." (ECF No. 1 at 53). The Court presumes the California Supreme Court adjudicated the claim on the merits. As there is no reasoned state court decision, this Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

1. Res Judicata

The Court first addresses Respondent's assertion that "as a matter of res judicata it has been found, adverse to Petitioner, that there was no unfair delay of trial; rather, for the most part the delay resulted because Petitioner wanted it, and indeed he was able to benefit from it." (ECF No. 9 at 8) (citing Hunter, 2016 WL 3019119 at *6–7). The Ninth Circuit, however, has held "that even after the AEDPA, the rule is as it has always been: Res judicata does not apply to habeas cases." Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 538 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999), abrogated in part on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003). See Mayle v. Felix, 545 U.S. 644, 661 n.6 (2005) (rejecting "assumption that claim preclusion operates in habeas cases largely as it does in mine-run civil cases"). Accordingly, the Court finds that res judicata is not applicable.

///

///

2. <u>Analysis</u>

"*In all criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI (emphasis added). A speedy trial is a fundamental right guaranteed by the Sixth Amendment and imposed upon the states by the Due Process Clause of the Fourteenth Amendment. <u>Klopfer v. North Carolina</u>, 386 U.S. 213, 223 (1967). However, civil commitment proceedings are distinct from criminal prosecutions, and the Supreme Court has not addressed whether there is a due process right to a speedy civil commitment trial. <u>See Kansas v. Hendricks</u>, 521 U.S. 346, 364–65 (1997) (noting that a state's decision to provide numerous procedural and evidentiary protections in SVP proceedings "does not transform a civil commitment proceeding into a criminal prosecution"); <u>United States v. Perry</u>, 788 F.2d 100, 118 (3d Cir.1986) ("The speedy trial clause deals with the timeliness of criminal prosecutions, not civil commitment proceedings.").

"[W]hen a Supreme Court case "does not 'squarely address[ ] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court . . . it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision." <u>Moses</u>, 555 F.3d at 754 (second, third, and fourth alterations in original) (quoting <u>Wright</u>, 552 U.S. at 125). Therefore, the state court's denial of Petitioner's claim regarding the timeliness of his civil commitment trial was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The state court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**C. Ineffective Assistance of Counsel**

Petitioner asserts that his counsel was ineffective for failing to adequately investigate and present the claims raised in the instant petition. (ECF No. 1 at 16–17). Respondent argues that there is no Sixth Amendment right to assistance of counsel in civil proceedings and in any event, there could be no showing of prejudice. (ECF No. 9 at 9).

11

This ineffective assistance of counsel claim was included in the state habeas petition filed in the California Supreme Court, which denied the petition "without prejudice to the filing of a petition for writ of mandate in the Court of Appeal if trial to commit petitioner as a Sexually Violent Predator does not commence by the end of the calendar year 2015." (ECF No. 1 at 53). The Court presumes the California Supreme Court adjudicated the claim on the merits. As there is no reasoned state court decision, this Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. However, while civil commitment proceedings "constitute[] a significant deprivation of liberty that requires due process protection," Addington v. Texas, 441 U.S. 418, 425 (1979), the "fact that a proceeding will result in loss of liberty does not ipso facto mean that the proceeding is a 'criminal prosecution' for purposes of the Sixth Amendment," Middendorf v. Henry, 425 U.S. 25, 37 (1976). The Supreme Court has not addressed whether there is a constitutional right to counsel in civil commitment proceedings. Cf. Turner v. Rogers, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); Austin v. United States, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'"); Carty v. Nelson, 426 F.3d 1064, 1073 (9th Cir. 2005) (finding "the Sixth Amendment right to confrontation does not attach in civil commitment proceedings"); Young v. King County, 70 F. App'x 939, 940 (9th Cir. 2003) (unpublished) (holding that person civilly committed under Washington's SVP act did not have right to effective assistance of counsel).

"[W]hen a Supreme Court case "does not 'squarely address[ ] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court . . . it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision." Moses, 555 F.3d at 754 (second, third, and fourth alterations in original) (quoting Wright, 552

U.S. at 125). Therefore, the state court's denial of Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The state court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on this ground.

## V.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 8, 2020**

UNITED STATES MAGISTRATE JUDGE