UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE M. HUNTER,<br><br>                  Petitioner,<br><br>        v.<br><br>BRANDON PRICE, as Executive Director,<br><br>                  Respondent. | No. 1:19-cv-01678-NONE-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 14) |

Petitioner Ronnie M. Hunter, currently a patient at the Coalinga State Hospital, brought this petition for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254, challenging his civil confinement after he was found to be a sexually violent predator under California's Sexually Violent Predator Act, California Welfare & Institutions Code § 6600 ("SVPA") following a civil trial in the Alameda County Superior Court. (Doc. Nos. 1; 14 at 4.) On January 28, 2020, respondent filed an answer to the petition. (Doc. No. 9 at 9.) Petitioner filed a traverse on February 28, 2020. (Doc. No. 13.) On May 8, 2020, the assigned magistrate judge issued findings and recommendation recommending that the petition be denied. (Doc. No. 14.) Petitioner has filed timely objections, and respondent has filed a reply to those objections. (Doc. Nos. 15, 16.)

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case and concludes that the findings and recommendation are supported by the record and proper analysis. In the pending findings and recommendations, the magistrate judge considered and rejected petitioner's claims that he was entitled to federal habeas relief because: (1) a state court judge improperly ruled on one of his pretrial motions after being recused from hearing his case; (2) of the 19-year delay[1] of his civil commitment trial; and (3) the ineffective assistance he received from his counsel in the civil proceedings in state court. (Doc. No. 14 at 8-13).[2]

As for the first issue, the magistrate judge found that the rulings made by the recused judge were subsequently and validly re-issued by another judge and, as a result, the recused judge's rulings had no impact on the validity of the civil commitment proceeding. (*Id.* at 8-9.)

The magistrate judge's reasoning in rejecting petitioner's second and third claims for relief was based largely on the fact that the Sixth Amendment rights to speedy trial and effective assistance of counsel have not been extended to civil commitment proceedings.[3] (*Id.* at 10-13.) While the Supreme Court has established a four-factor test to determine if a *criminal* defendant's

---

[1] The Alameda County District Attorney petitioned the state court to civilly commit petitioner in July 1997, but it was not until April 2016 that petitioner was civilly committed after a jury trial. (Doc. No. 14 at 1, 4.) Over that 19-year period, petitioner requested or stipulated to continued trial for a total of 16 years. *See McNeely v. Blanas*, 336 F.3d 822, 827 (9th Cir. 2003) ("[D]elay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument.").

[2] Any general challenge to the SVPA would be unavailing. *See Woodard v. Mayberg*, 242 F. Supp. 2d 695, 702 (N.D. Cal. 2003) ( finding that the was "not entitled to federal habeas relief on his claim that the punitive nature of SVPA violates various constitutional provisions").

[3] Under Section 2254(d), a writ of habeas corpus "shall *not* be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established* Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d) (emphasis added).

right to speedy trial was violated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), it "has not addressed whether there is a due process right to a speedy civil commitment trial," *Rainwater v. King*, No. 2:14-CV-02567-JKS, 2017 WL 6040425, at *17 (E.D. Cal. 2017).

> Nevertheless, some courts have analyzed speedy trial claims in the SVPA commitment context under the four-part test set forth in Barker, 407 U.S. at 530. *See, e.g., Page v. Lockyer*, 200 Fed. Appx. 727, 727–29 (9th Cir. 2006) (analyzing and rejecting Sixth Amendment speedy trial claim from petitioner's SVPA commitment); *Sisneroz v. California*, No. 07–cv–0500, 2009 WL 302280, *7–11 (E.D. Cal. Feb. 6, 2009) (denying claim that delay in bringing recommitment petition to trial violated due process because petitioner showed no prejudice); *Coleman v. Mayberg*, No. C 01–3428, 2005 WL 1876061, *6 (N.D. Cal. Aug. 8, 2005) (applying Barker analysis to find that five-year delay in holding commitment hearing did not violate petitioner's speedy trial rights); *People v. Litmon*, 76 Cal. Rptr. 3d 122, 135–41(Cal. Ct. App. 2008) (finding that delay in bringing recommitment petition violated due process under *Barker* and *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

*Rainwater*, 2017 WL 6040425, at *17; *see also Kindred v. California Dep't of State Hosps.-Coalinga*, No. 8:17-cv-00047-DSF-KES, 2017 WL 7163929, at *17 (C.D. Cal. Nov. 13, 2017); *Williams v. King*, No. 14-CV-01831-PJH, 2015 WL 5240200, at *3 (N.D. Cal. Sept. 8, 2015); *Camrony v. Mayberg*, No. CIV S-07-2793-FCD-TJB, 2010 WL 3958648, at *10 (E.D. Cal. Oct. 8, 2010). Other courts, however, have declined to engage in the *Barker* analysis of such claims asserted by SVPA petitioner altogether because the right to speedy trial in civil commitment cases has not been "clearly established" by federal law and, therefore, denial of any such right would not amount to an "unreasonable application" of federal law by the state courts as required for the granting of federal habeas relief under § 2254(d). *See, e.g.*, *Rhoden v. Price*, No. SACV 17-0670 MWF (SS), 2019 WL 2305844, at *12 (C.D. Cal. Mar. 1, 2019); *MacKenzie v. California Attorney Gen.*, No. SACV 12-432 VBF (JC), 2016 WL 5334479, at *18 (C.D. Cal. Apr. 11, 2016); *Hawkins v. Ahlin*, No. ED CV 12-626-R (PJW), 2013 WL 3475187, at *6 (C.D. Cal. July 10, 2013); *see also Stenson v. Lambert*, 504 F.3d 873, 881 (9th Cir. 2007).

Here, petitioner's case first came before the court for adjudication in 2016. *See Hunter v. King*, No. 1:15-CV-01611-JLT, 2016 WL 3019119, at *6 (E.D. Cal. May 26, 2016). The Court dismissed that earlier filed petition, abstaining pursuant to *Younger v. Harris*, 401 U.S. 37 (1971),

1   and finding that petitioner failed to allege a constitutional violation. *Id.* at *5–7. Specifically, the
2   court applied the *Barker* standard and found that the "reasons for delay [were] due mostly to
3   petitioner's own actions and the actions of his counsel, not to the district attorney's actions," and
4   therefore rejected petitioner's claim that any speedy trial right he might have in this context was
5   violated. *Id.* at *7–8 (alteration in original).

6   Having reviewed the record again, the court finds that even if the *Barker* factors were
7   applicable under these circumstances, petitioner would not be entitled to federal habeas relief on
8   the ground that his right to a speedy civil commitment trial was violated. Sixteen of the 19 years
9   of delay prior to his civil trial was requested by and stipulated to by petitioner and the remaining
10  three-year delay was partly due to multiple new attorney's being appointed to represent petitioner.
11  Ultimately, though, the delay was not prejudicial to petitioner, who never complained about the
12  delay during the proceedings before the trial court or on appeal in state court. *See, e.g.*, *Williams*
13  *v. Ahlin*, No. C 09-3642 MMC (PR), 2010 WL 289071, at *1 (N.D. Cal. Jan. 15, 2010) (rejecting
14  a habeas petitioner's argument that nine-year delay of his civil trial was a violation of his putative
15  right to speedy trial); *Sisneroz v. California*, No. 07–cv–0500, 2009 WL 302280, *7–11 n.12
16  (E.D. Cal. Feb. 6, 2009) (finding no prejudice as a result of trial delay in the case of a SVPA
17  defendant); *Coleman v. Mayberg*, No. C 01–3428, 2005 WL 1876061, *6 (N.D. Cal. Aug. 8,
18  2005) (holding that a five-year delay in holding civil commitment hearing did not violate
19  petitioner's right to speedy trial under *Barker*).

20  Lastly, just like the right to speedy trial, the right to effective assistance of counsel under
21  the Sixth Amendment has not been established by the Supreme Court to be applicable in the civil
22  commitment context. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment
23  does not govern civil cases."). But even if the court were to assume that such a right had been
24  recognized, the court concludes that petitioner's right to effective counsel was not violated here.
25  *See, e.g.*, *Jones v. Hunter*, No. CIV S-02-1250 GEB DAD P, 2006 WL 2644898, at *9 (E.D. Cal.
26  Sept. 14, 2006) (applying the right to effective assistance of counsel under *Strickland* to a SVPA
27  case). The court has reviewed the state appellate court opinion rejecting petitioner's argument
28  that his counsel failed "to adequately investigate and present" his "claims," (Doc. Nos. 1 at ¶

4

9(b); 8-20), and finds no basis to disagree with its analysis of this issue.[4]  Petitioner does not dispute the facts recounted by the state appellate court.  (Doc. No. 1.)  Applying the *Strickland v. Washington*, 466 U.S. 668 (1984) framework to petitioner's ineffective assistance of counsel claim, the court reaches the same conclusion as the state appellate court that petitioner has failed to establish that he suffered any prejudice as a result of the alleged mistakes by his counsel.  *See Stanley v. Schriro,* 598 F.3d 612, 619 (9th Cir. 2010) ("If we conclude that the petitioner fails to satisfy one of the *Strickland* prongs, we need not address the other.")  Thus, petitioner is not entitled to federal habeas relief with respect to his claim that his putative right to the effective assistance of counsel under the Sixth Amendment was violated.  Petitioner's objections to the findings and recommendations, reaching this same conclusion, are unavailing.

Finally, when a court dismisses a petition for a writ of habeas corpus, it may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further.  The court therefore declines to issue a certificate of appealability.

/////

---

[4] Petitioner also claims that he was "denied a right to effective assistance of counsel by failure to enforce the trial judge's recusal."  (Doc. No. 1 at ¶ 9(d).)  This argument is necessarily intertwined with his first claim for relief, which the court has rejected based upon a lack of prejudice and harmless error above.

5

Accordingly, for the reasons set forth above:

1. The findings and recommendation issued on May 8, 2020 (Doc. No. 14) are adopted, with the additional reasoning expressed above;
2. The petition for writ of habeas corpus is denied;
3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 18, 2020**

UNITED STATES DISTRICT JUDGE